IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>LEA WEHONIG, BILLINGS PROBATION AND PAROLE, DAN TAYLOR, HELENA PROBATION AND PAROLE,<br><br>Respondents. | Cause No. CV 24-43-H-SPW<br><br>ORDER |

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by state pro se petitioner Wayne A. Hussar ("Hussar"). (Doc. 1). Hussar challenges events that occurred in 2021 and ultimately led to his state parole revocation in 2022. (*Id.* at 2-3.) Hussar asserts he was wrongly accused of and found to have absconded from supervision. (*Id.*) In support of his petition, Hussar attached a copy of a complaint he has filed against Montana Probation and Parole officials. *See* (Doc. 1-1.)

i. **Motion to Proceed in Forma Pauperis**

Hussar seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 2.) Hussar's inmate account statement indicates he does not have funds available

1

to pay the costs associated with this action. The IFP motion will be granted.

### ii. Background

Hussar has filed various habeas petitions with this Court challenging his various state court judgments of conviction. *See e.g., Hussar v. Touchette et al.*, Cause No. CV-11-07-H-DWM, Or. (D. Mont. April 18, 2011); *Hussar v. Rieghard*, Cause No. CV-17-77-H-DLC, Ord. (D. Mont. August 31, 2017); *Hussar v. Green*, Cause No. CV-19-64-H-DLC, Ord. (D. Mont. May 27, 2020).

Pertinent to the instant matter, Hussar previously challenged the 2022 revocation of his parole. This Court considered the merits of his claims and found that he was not entitled to federal habeas relief. *Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023). A subsequent challenge to the same revocation was denied as an unauthorized second or successive petition. *Hussar v. Bludworth*, Cause No. CV-24-15-BLG-SPW, Ord. (D. Mont. Feb. 8, 2024). There, Hussar was advised that this Court lacks jurisdiction to hear a second petition, challenging his 2022 parole revocation, unless Hussar first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. (*Id.* at 2-4)(*citing* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Hussar's present petition suffers from the same jurisdictional deficiencies; it is precluded by statute. To the extent Hussar intends to make any new arguments

in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

Hussar is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Hussar obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton*, 549 U.S. at 149. The matter will be dismissed.

### iii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability will be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### ORDER

1. Hussar's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Hussar should refrain from making further challenges to his 2022 revocation via § 2254 petitions.

2. Hussar's Motion to Proceed IFP (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 12th day of July, 2024.

Susan P. Watters
United States District Court